IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| Dwight Ray Hill, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Cause No. 7:09-CV-158-O-KA |
| North Texas State Hospital, | § | |
| James E. Street, Superintendent, | § | |
| John Emory Sobiesk, and | § | |
| Teresa Catlin Tempelmyer[1], | § | |
| Defendants | § | |

**REPORT AND RECOMMENDATION**

  Plaintiff Dwight Ray Hill is a repeated *pro se* litigant having filed at least ten (10) prior *pro se* petitions *in forma pauperis* for habeas corpus and other relief[2] while he was incarcerated in various facilities (jails and mental hospitals) since he was indicted in 1997 by a grand jury in Parker County, Texas for the offense of retaliation.[3] He was remanded by the Parker County trial

---

  [1] Hill and the Defendants spell this defendant's name differently. Since the doctrine of *idem sonams* indicates that they refer to the same person,.I have adopted the spelling used by the Defendants.

  [2] *Hill v. State of* Texas, 4:02-cv-645-A (N.D. Tex.) (Dismissed on immunity and insufficient pleading grounds on August 8, 2002); *Hill v. State of Texas,* 4:02-cv-646-A (N.D. Tex.) (dismissed for want of jurisdiction on August 5, 2002)*;* *Hill v. State of Texas,* 4:03-cv-1169 (N.D. Tex.)(dismissed under 28 U. S. C. §§ 1915(e)(2) and 1915A(b) on November 7, 2003); *Hill v. State of Texas*, 4:03-cv 1465 (N.D. Tex.) ((dismissed under 28 U. S. C. §§ 1915(e)(2) and 1915A(b) on February 19, 2004); *Hill v. State of Texas,* 4:03-cv-149 (N.D. Tex.)(dismissed under 28 U. S. C. §§ 1915(e)(2) and 1915A(b) on March 7, 2005); *Hill v. State of Texas,* 4:07-cv-549-Y (N.D. Tex.)(dismissed as barred by three strikes on November 2, 2007); *Hill v. State of Texas,* 4:07-cv-569-Y (N.D. Tex.)(dismissed as barred by three strikes on November 14, 2007); *Hill v. North Texas State Hospital*, 7:08-cv-42 (N.D. Tex.) (dismissed as barred by three strikes on April 29, 2008); *Hill v. North Texas State Hospital*, 7:08-cv-46 (N.D. Tex.) (dismissed as barred by three strikes on April 29, 2008); *Hill v. North Texas State Hospital*, 7:08-cv-82 (N.D. Tex.) (dismissed without prejudice for failure to timely respond to court's questionnaire).

  [3] In his petition and assorted other filings, Hill indicates that he has filed other lawsuits in Parker County and Wichita County state courts.

court judge to a mental facility for examination and report as to his competence to stand trial on the charge. He has spent most of the intervening years in various mental institutions for such examination and treatment, most recently at the North Texas State Hospital in Wichita Falls from which he has recently been released. Hill alleges that the original charge has also been dismissed.

Prior to his release from custody, Hill's most recent *habeas corpus* petition complaining of his custody in the North Texas State Hospital was dismissed without prejudice due to the "three strike rule" and due to Hill's failure to timely answer the Court's Interrogatories.[4] The order further provided that Hill was permitted to re-open the case if he paid the filing fee and filed a motion to re-open within 30 days but failing which Hill would have to file a new lawsuit. Hill failed to timely pay the filing fee or the motion to re-open and that case was closed. Instead, on October 2, 2009, Hill filed his original complaint herein styled as a petition for "Medical Mal-practice (sic) Lawsuit"and paid the filing fee. After granting Hill exemption from electronic filing requirements the District Court referred this case to the undersigned for pretrial management inclusive of non-dispositive motions and findings a recommendations on dispositive motions, together with all other pretrial matters including scheduling and alternative dispute resolution.(Docket No. 7).

Procedural Status

Having been released from custody, Hill no longer seeks release from confinement, but instead demands monetary damages up to five million dollars ($5,000,000.00) from the four defendants, North Texas State Hospital, James E. Street (superintendent), John Emory Sobiesk, and Teresa Catlin Tempelmyer. On October 7, 2009, Hill attempted service on the defendants by mailing copies of his petition to the named defendants by certified mail.[5] And on that same day, Hill filed a Motion for Permanent Injunction seeking prospective relief, to-wit: that this Court forbid Texas State Hospitals from prescribing dangerous drugs of certain manufacturers that are currently facing damages litigation in other courts. He sought such injunctive relief so as to provide "health and safety to all patients and small children." On October 29, 2009 Hill filed a Motion for Default Judgment alleging that the Defendants' answer date of October 27 had passed without any answer being filed.. That motion has been addressed by the court in separate findings and recommendation. (Docket No. 23). In addition to his original petition and Motion for Permanent Injunction, Hill has tendered other documents to the District Judge in the form of letters and printouts from the internet. By order[6] I directed that the additional tendered materials be filed and docketed as Amendments to Hill's petition and will be analyzed as such. On November 2, 2009, the Defendants filed their Motion to Dismiss asserting that this Court does

---

[4] In 7:08-cv-82, n.1, *supra.*

[5] Whether this manner of service of the summons is sufficient is problematical under the language of Rule 4(c)(1) of the Federal Rules of Civil Procedure. Although the State of Texas does permit service of process by certified mail, the plaintiff as a party is not a proper service agent in the absence of a order from the court. Rules 103 and 106(a)(2) of the Texas Rules of Civil Procedure. See also, *Jackson vs. Atrium Companies*, 3:04-CV-0679-G (J. Fish, N.D. Tex. 2004) Memorandum Order dated August 9, 2004, Docket No. 15.

[6] (Docket No. 11) dated October 15, 2009

not have jurisdiction over any of the claims Hill may be making. On October 5, 2009, Hill filed his Response to the Motion to Dismiss.

Having reviewed the Motion to Dismiss, Hill's Response thereto, Hill's Original Petition, and all of Hill's other filings in this cause, I conclude as follows:

Standard for Review of Complaint.

Federal courts are courts of limited jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F. 3d 1006, 1010 (5th Cir. 1998). The party seeking to invoke the jurisdiction bears the burden of demonstrating its existence. *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F. 3d 912, 916 (5th Cir. 2001). Federal courts being courts of limited jurisdiction, "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F. 3d 244, 248 (5th Cir.1996) An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed evidence in the record; or 93) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F. 2d 1380, 1384 (5th Cir. 1989).

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U. S. 544, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, supra at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact. " *Katrina Canal*, supra at 205.  But the heightened pleading rule of *Leatherman*, has been repudiated by the Supreme Court which has also established that *pro se* complaintants  are subject to "less stringent standards than formal pleadings drafted by lawyers," and their pleadings should be liberally construed in plaintiffs' favor. *Erickson v. Pardus*, *551 U. S. 89*, 127 S. Ct. 2197, 167 L. Ed 2d 1081 (2007); *Borg v. MacDougall*, 454 U.S. 364, 102 S. Ct. 700, 70 L Ed 2d 551 (1982); *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Estelle v. Gamble*, 429 U. S. 97, 97 S Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U. S. 519,92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Federal and state court decisional law is virtually unanimous that a complaint need <u>not</u> specifically refer to §1983, so long as the essential elements of the claim are plead.

Analysis of Jurisdiction

To determine the jurisdictional basis for Hill's various claims, the court reviews his petition as amended and supplemented by the various of other filings tendered by him. Interpreting his allegations liberally, I find that Hill factually alleges that while he was being held at North Texas State Hospital, the Hospital through its staff (Street, Sobiesk and Tempelmyer) forced him to take certain anti-psychotic medicines[7] that have the potential to cause physical injury (even death) to him and to others from various deleterious side effects. He claims that Sobiesk forced him to take Haldol in retaliation for Hill having filed a lawsuit in state court against Sobiesk and Tempelmyer. He claims that the defendants (among others) falsely diagnosed him as a mental patient and forced him to take dangerous drugs against his will. He further asserts that Tempelmyer falsified the results of a test administered by her in responding to the trial court's inquiry as to Hill's mental capacity to stand trial.  Divining of what Hill truly may be complaining, I infer that while he was in custody in the mental institution (North Texas State Hospital) pursuant to the order of the Texas trial court in a criminal case, he was given improper medical care (and by inference he was intentionally deprived of proper medical care) by the institution through its staff (Sobiesk and Tempelmyer) who were consciously indifferent to his needs (as well as to the needs of others); indeed, that they acted intentionally for vengeful motives.  This would appear to implicate a cause of action within the scope of the civil rights statute, 42 U.S.C. §1983; to-wit, an intentional deprivation of Hill's liberty interest by persons acting under color of law causing damages for which Hill seeks monetary compensation.

As a court of limited jurisdiction, there are only two bases for jurisdiction of civil cases in federal court, (1) federal question jurisdiction under 28 U. S. C. §1331 and (2) diversity of jurisdiction under 28 U. S. C. §1332. In so far as Hill's petition as amended can be characterized as a true medical malpractice or common law tort suit, Hill and all of the defendants are (or are deemed) citizens of the same state.  This being the case, this court does not have diversity of citizenship jurisdiction of this case as a malpractice or tort case. Therefore, subject matter jurisdiction only exists if Hill has alleged a violation of some federal statute or federal constitutional right.

Since Hill does not expressly allege any specific federal statute or law or constitutional provision that would be implicated by his claims, the only remaining potential jurisdictional bases for his suit is (1) a *habeas corpus* complaint or (2) a civil rights complaint under 42 U.S.C. §1983.  Since Plaintiff has been released from the custody that was formerly exercised by North Texas State Hospital, an agency or instrumentality of the state of Texas, *habeas corpus* relief is not available and Plaintiff's complaint does not does not invoke this Court's *habeas corpus* jurisdiction.

Analyzing Hill's complaint as a §1983 civil rights complaint, I turn to Hill's named parties.  I find that North Texas State Hospital, as part of the Texas Department of State Health Services, is a state governmental unit.  Under the Supreme Court's holding in *Will v. Michigan Department of State Police*,[8] the Hospital as a state governmental unit is not a "person" subject to suit under §1983 since it enjoys unwaived immunity under the Eleventh Amendment.

---

[7] Haldol, Depakote, Risperdal, Seroquel, Abilify, Prolixin, and Zyprexa

[8] 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *see also, Martinez v. Texas Dep't of Criminal Justice*, 300 F. 3d 567, 575 (5th Cir, 2002).

Defendant James E. Smith is named as a party defendant in his official capacity as "Superintendent." In that capacity he is likewise immune from a claim of damages under the Supreme Court's holding in *Will*.[9] As to the Hospital and Smith, Hill's complaint must be dismissed.

This court does not have subject matter jurisdiction over <u>state</u> criminal cases. In his Response, Hill disavows any claim that Sobiesk acted criminally. To the extent Hill claims that Sobiesk acted negligently or recklessly in prescribing medications for Hill, this Court does not have diversity jurisdiction over the common law tort claim and it is barred by the Texas Tort Claims Act and the Eleventh Amendment. To the extent that Hill purportedly asserts that Tempelmyer libeled or slandered him, these common law tort claims are barred by the Eleventh Amendment and the Texas Tort Claims Act and are not in this court's diversity jurisdiction. As to any of these claims, I recommend that the District Court dismiss such claims or causes of action.

Finally, it does not appear that Hill in any of his filings has affirmatively asserted any claim against Sobiesk or Tempelmyer in their personal capacities as to implicate a cause of action cognizable under *Hafer v. Melo*.[10]

Therefore, I recommend that the District Court dismiss all of Plaintiff's claims against all the Defendants pursuant to Rule 12(b)(6) for the Federal Rules of Civil Procedure for failure to state a cause of action cognizable by this Court.

It is so Ordered this 5th day of November, 2009.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

### Standard Instruction to Litigants

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[9] See, *Arizonans for Official English v. Arizona*, 520 U. S. 43, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997); *Wells v. Ali*, 304 Fed. Appx. 292 (5th Cir. 2008); *Cronan v. Texas Dep't of Human Servs.*, 977 F. 2d 934 (5th Cir. 1992).

[10] 502 U. S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)